UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| MARIA TERESA ENCISO | ) |
| d/b/a THERAPY PARTNERS | ) |
| and | ) |
| MA. TERESA SUSIN ENCISO, P.T., | ) |
| A MISSOURI PROFESSIONAL CORPORATION,) | |
| | ) |
| Defendants. | ) |

## COMPLAINT OF THE UNITED STATES

The United States of America, through the undersigned counsel, alleges as follows:

## INTRODUCTION

1.     The United States alleges violations of the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733, and violations of common law based on the fraudulent Medicare and TRICARE billings submitted to Medicare and TRICARE by Maria Teresa Enciso d/b/a Therapy Partners and Ma. Teresa Susin Enciso, P.T., P.C.  The fraudulent claims consist of claims for payment that Defendants submitted to Medicare and TRICARE that overstated the actual amount of therapy services that Defendants provided, including electrical stimulation, ultrasound, manual therapy and therapeutic exercises.

2.     The United States seeks damages, civil penalties, pre-judgment interest, and such other legal and equitable remedies as the Court may deem proper.

## JURISDICTION AND VENUE

3.     This action arises under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733.

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

5.     This Court has personal jurisdiction over Defendants because they are located in this judicial district, submitted claims for payment to Medicare and TRICARE in this district, and received payments from the United States, through Medicare and TRICARE, in this district.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in Phelps County, Missouri, located within the Eastern District of Missouri.

7.     Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because the Defendants conducted business within this district and a substantial part of the events giving rise to the United States' claims occurred in this district, including the receipt of the payment for the false claims.

## PARTIES

8.     Plaintiff in this action is the United States of America.

9.     The United States files this Complaint on behalf of the Department of Health and Human Services (HHS), Centers for Medicare and Medicaid Services (CMS) which administers the Medicare program and the Department of Defense, including its component, the Tricare Management Activity, which administers the TRICARE program.

10.    Defendant Maria Teresa Enciso ("Enciso") is a licensed physical therapist who resides in the state of Missouri.

2

11.    Enciso has been licensed as a physical therapist by the Missouri Board of Registration for the Healing Arts since 1987.

12.    Defendant MA. Teresa Sison Enciso, P.T., P.C. ("Enciso PC") is a Missouri professional corporation that was created in 1992.

13.    Enciso PC is located in Rolla, Missouri, at Enciso's personal residence.

14.    At all times relevant to this Complaint, Enciso held herself out as the President and only Board Member of Enciso PC.

15.    At all times relevant to this Complaint Enciso and Enciso PC did business as Therapy Partners.

16.    Therapy Partners is located at 124 Ichord Avenue, Waynesville, Missouri.

## THE MEDICARE PROGRAM

17.    In 1965, Congress enacted Title XVII of the Social Security Act.  The Social Security Act established both Medicare and Medicaid in order to pay for the costs of certain health services and health care.

18.    Medicare is a national health insurance program for people age 65 and older and for people with certain disabilities or afflictions.  42 U.S.C.§§ 426, 426A.

19.    HHS is responsible for the administration and supervision of the Medicare program.

20.    CMS is a component of HHS and is directly responsible for the administration of the Medicare program.

21.    The Medicare program is generally comprised of two parts:  Medicare Part A and Medicare Part B.

3

22.     Generally, Medicare Part A helps patients cover the cost of inpatient care in hospitals, critical access hospitals, skilled nursing facilities, hospice care, and some home health care.  Medicare Part A is not directly at issue in this case.

23.     Generally, Medicare Part B helps patients cover the cost of doctor's services and outpatient hospital care.  Medicare Part B is funded by insurance premiums paid by enrolled Medicare beneficiaries and contributions from the federal treasury.  Eligible individuals may enroll in Medicare Part B to obtain benefits in return for payments of monthly premiums established by HHS.

24.     Generally, coverage under Medicare Part B is managed by a private health insurance carrier that serves as an intermediary between the covered individual and the Medicare program.

**THE TRICARE PROGRAM**

25.     TRICARE (formerly known as CHAMPUS) is a federally funded medical benefit program.  10 U.S.C. § 1071-1110.

26.     TRICARE provides health care benefits to eligible beneficiaries, which include, among others, active duty service members, retired service members, and their dependents.

27.     TRICARE is an agency and instrumentality of the United States and its activities, operations, and contracts are paid with federal funds.  10 U.S.C. § 1071, et seq.

28.     The TRICARE program is administered through the Department of Defense.

29.     TRICARE uses fiscal intermediaries to process claims for payment from providers of medical services.

30.     The regulatory authority implementing the TRICARE program for the physical therapy services at issue provides reimbursement to health care providers applying the same

4

general reimbursement scheme and coding parameters that the Medicare program applies.  10 U.S.C. § 1079(j)(2).

31.    At issue in this case are Defendants' claims for payment submitted to TRICARE and Medicare Part B.

### THE USE OF CPT CODES TO BILL MEDICARE AND TRICARE

32.    Current Procedural Technology Codes or "CPT" codes describe medical procedures performed by physicians and other health providers.

33.    CPT codes were developed by the Health Care Financing Administration (HCFA, now CMS) to assist in the assignment of reimbursement amounts to providers by Medicare carriers.

34.    Under the CPT coding system, CMS assigns reimbursement rates to each of the CPT codes.

35.    Since the early 1970s, CMS has asked the American Medical Association (AMA) to work with physicians to determine appropriate definitions for the codes and try to determine accurate reimbursement amounts for each code.  The AMA publishes the CPT Codes and the accompanying description of the services that may be billed.

36.    Medicare and TRICARE assign provider numbers to health care providers.

37.    The use of a provider number allows the health care provider to bill the Medicare carrier and TRICARE fiscal intermediary directly for services rendered to patients who are eligible to receive services under the respective programs.

38.    To be paid for services rendered, a provider who participates in the Medicare Part B Program and TRICARE submits claims for payment to the Medicare carrier via a "Request for

5

Medicare Payment" on a form HCFA 1500, or its electronic equivalent.

39.   The HCFA 1500 calls for the submission of certain information relating to the Medicare or TRICARE beneficiary, including the CPT codes indicating what services were provided to the patient, the date such services or supplies were provided, and a certification by the provider as to the medical necessity of rendering such services or supplies.

40.   Defendant Enciso was and is a provider who participates in the Medicare Part B Program and TRICARE.

41.   As a Medicare provider, Enciso, through her company Enciso PC, routinely submitted and caused to be submitted claims for Medicare payment under her Medicare provider number using the electronic equivalent of the HCFA 1500 forms.

42.   Defendant Enciso's Medicare claims were electronically submitted from her, and payment was electronically remitted to her via her bank in Rolla, Missouri.

43.   As a TRICARE provider, Enciso, through her company Enciso PC, routinely submitted and caused to be submitted claims for TRICARE payment under her TRICARE provider number using the equivalent of the HCFA 1500 forms.

44.   Defendant Enciso's TRICARE claims were submitted from her, and payment was mailed to her both at her home address, which is also the business address for Enciso PC, in Rolla, Missouri as well as to her office location in Waynesville, Missouri.

45.   Defendants' claims to both TRICARE and Medicare contained specific CPT codes for which Defendants sought payment.

## SPECIFIC CPT CODES

46.   The CPT Codes at issue are in the 9000 series of codes that are typically used to bill

for physical medicine and rehabilitation.

47.   CPT Codes 97032 and 97035 fall under the following category of codes:  "Constant Attendance: The application of a modality that requires direct (one-on-one) patient contact by the provider."

48.   CPT Code 97032 is properly billed for "Application of a modality to 1 or more areas; electrical stimulation (manual), each 15 minutes."

49.   CPT Code 97035 is properly billed for "Application of a modality to 1 or more areas; ultrasound, each 15 minutes."

50.   CPT Codes 97110 and 97140 fall under the following category of codes: "Therapeutic Procedures: A manner of effecting change through the application of clinical skills and/or services that attempt to improve function.  Physician or therapist required to have direct (one-on-one) patient contact."

51.   CPT Code 97110 is properly billed for "Therapeutic procedure, 1 or more areas, each 15 minutes; therapeutic exercises to develop strength and endurance, range of motion and flexibility."

52.   CPT Code 97140 is properly billed for "Manual therapy techniques (eg, mobilization/manipulation, manual lymphatic drainage, manual traction), 1 or more regions, each 15 minutes)."

53.   In the same 15 minute time period, a physical therapist cannot bill more than one of any of the above CPT codes (97032, 97035, 97110 and 97140) that require one-on-one patient contact for a specific period of time.  Medicare Claims Processing Manual, 100-04, Chapter 5, Section 20.3, and HHS Program Memorandum AB-01-68 (May 1, 2001).

7

54.    The Medicare Claims Processing Manual states that for all of the above CPT Codes "the total number of timed units that can be billed is constrained by the total treatment minutes for that day."  Medicare Claims Processing Manual, Chapter 5, 20.2.

55.    A physical therapist is not required to document in a treatment note the amount of time spent on each specific intervention or modality, however, the total number of timed minutes spent with the patient must be documented in the treatment note.  Medicare Benefit Policy Manual, Chapter 15, Section 220.3B (Documentation Requirements for Therapy Services).  TRICARE Policy Manual 6010.54-M (Requirements for Documentation of Treatment in Medical Records).

## FALSE CLAIMS ACT

56.    The FCA provides in pertinent part, that any person who:

> (A) knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval; [or]

> (G) knowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government

> * * *

> is liable to the United States Government [for statutory damages and such penalties as are allowed by law]

57.    The FCA further provides that "knowing" and "knowingly"

> (A) mean that a person with respect to information –

>> (i) has actual knowledge of the information;

>> (ii) acts in deliberate ignorance of the truth or falsity of the information; or

(iii) acts in reckless disregard of the truth or falsity of the information; and

(B) require no proof of specific intent to defraud.

58.   The FCA provides that a person is liable to the United States Government for three times the amount of damages which the Government sustains because of the act of that person, plus a civil penalty of $5,500 to $11,000 per violation.

## GENERAL ALLEGATIONS

59.   Under the terms of its agreements with Medicare and TRICARE, Enciso agreed to be bound by the conditions imposed by federal law and regulations.

60.   As a Medicare and TRICARE provider, Enciso and Enciso PC performed physical therapy at Therapy Partners.

61.   Enciso was aware, or should have been aware, of Medicare and TRICARE's conditions for payment for such services.

62.   From February 4, 2008 through September 22, 2011, Enciso and Enciso PC submitted false claims, and caused false claims to be submitted, to the United States by systematically overbilling for therapy services, failing to document the services, and failing to document the time for the therapy services that were provided.

63.   While CPT codes 97032, 97035, 97110, and 97140 all plainly state that they are to be billed in fifteen minute intervals for "one or more areas" or "one or more regions", Enciso and Enciso PC falsely submitted claims that purported to include a unit of service for each region or area and that far exceeded the actual one-on-one time spent with the patient.

64.   The claims were also false in that they did not accurately reflect the treatment provided or the total treatment time for the services as required by Medicare and TRICARE.

9

65.    By way of example, for the false claims line numbers 354-357 listed on Exhibit A, Enciso submitted claims to Medicare for 12 total units of therapy comprised of:  6 units of electrical stimulation, 2 units of ultrasound, 2 units of therapeutic exercises, and 2 units of manual therapy.  In 15 minute intervals, those 12 total units of therapy would equate to 3 total hours of therapy time.  This patient spent approximately one hour at the offices of Enciso PC receiving therapy, thus, it would be impossible for this beneficiary to have received the 3 hours of therapy that Defendants billed.  The physical therapy note for this beneficiary does not reflect that actual amount of time that the therapy was performed.

66.    Since the onset of the United States' investigation, Enciso and Enciso PC have admitted the improper billing and have modified their billing practices.

67.    Neither Enciso nor Enciso PC have returned the funds at issue.

68.    Since learning of the United States' claims for repayment, Enciso has transferred at least $10,000 out of the country to a relative in the Philippines.

69.    The false claims that the Defendants submitted to Medicare TRICARE are set forth in Exhibit A.  Both exhibits are redacted in the court filing so as not to include any personal identifiers.

### Count I:  False Claims Act
### Presenting False Claims Or Causing False Claims To Be Presented

70.    Paragraphs 1 through 69 are realleged and incorporated as if fully set forth herein.

71.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented to the United States false or fraudulent claims for payment or approval in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

72.    Pursuant to the False Claims Act, Defendants are liable to the United States for treble

damages and civil penalties for each of the false or fraudulent claims herein.

<b>Count II:  False Claims Act<br>Retained Overpayments</b>

73.    Paragraphs 1 through 72 are realleged and incorporated as if fully set forth herein.

74.    By virtue of the acts described above, since February of 2012, Defendants have retained funds to which they were not entitled.  False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

75.    Pursuant to the False Claims Act, Defendants are liable to the United States for treble damages and civil penalties for each of the false or fraudulent claims herein.

<b>Count III: Payment by Mistake of Fact</b>

76.    Paragraphs 1 through 75 are realleged and incorporated as if fully set forth herein.

77.    The United States, through Medicare and TRICARE, made payments on claims submitted by Defendants under the erroneous belief that the claims for payment were proper.

78.    Because of these mistakes of fact, Defendants received monies to which they were not entitled.

<b>Count IV: Unjust Enrichment</b>

79.    Paragraphs 1 through 78 are realleged and incorporated as if fully set forth herein.

80.    Defendants have been unjustly enriched with federal monies which they should not in good conscience be permitted to retain.

<b>Count V:  Common Law Fraud</b>

81.    Paragraphs 1 through 80 are realleged and incorporated as if fully set forth herein.

82.    The false claims described herein submitted by Defendants contained misrepresentations of material fact.

83.    Defendants made these misrepresentations with knowledge of their falsity or with

11

reckless disregard for their truth and submitted billings to Medicare and TRICARE containing these misrepresentations with the intent that the United States, through Medicare and TRICARE, provide reimbursement.

84.   The United States, through Medicare and TRICARE, and acting in reasonable reliance on Defendants' misrepresentations, paid Defendants based upon these fraudulent claims.

85.   As a result of its payments, the United States has been damaged in an amount to be precisely determined through discovery and prior to the trial of this matter.

**Count VI:   Fraudulent Transfer**
**Common Law and 28 U.S.C. § 3301, et seq.**

86.   Paragraphs 1 through 85 are realleged and incorporated as if fully set forth herein.

87.   In October of 2012, over sixth months after learning of the investigation and admitting "mistakes" in her billing practices, Enciso made a monetary transfer outside the United States in the form of a check for $10,000.  The check was delivered to one of Defendant's relatives who resides in the Philippines.

88.   This monetary transfer is a fraudulent transfer as to a debt owed to the United States which arose before the transfer was made.

89.   As a result of the transfer, Defendants were made insolvent, or insolvent in part, as to the debt owed to the United States.

90.   Defendant Enciso made the monetary transfers with intent to hinder, delay, or defraud a creditor, namely, the United States.

91.   The United States has been damaged as a result of Enciso's monetary transfer.

92.   The United States seeks a recovery of these monetary sums as fraudulent transfers and/or fraudulent conveyances and seeks avoidance of the transfers to the extent necessary to

satisfy Defendant's debt to the United States or any judgment entered herein against them.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, demands judgment, jointly and severally, against Defendants as follows:

a.    On Counts I and II, judgment against the Defendants and a determination by the Court for an appropriate award to the United States under the treble damage provisions of the False Claims Act;

b.    On Counts I and II, judgment against the Defendants and a determination by the court for an appropriate award to the United States under the civil penalty provisions of the False Claims Act for a penalty of not less than $5,500 and not more than $11,000 per claim;

c.    On Counts III, IV and V, judgment against the Defendants for the amount which they unlawfully obtained;

d.    On Count VI, a judgment against Defendants that the monetary transfers in question are null and void and that the ownership of whatever item(s) of value that may have been purchased or obtained as result of the transfers are subject to the remedies under the Federal Debt Procedures Act and for other such other relief against Defendants as the circumstances may require under 28 U.S.C. § 3301, et seq. and/or federal common law; and

e.    Prejudgment and post-judgment interest, costs and such other relief as the Court deems just and proper.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


/s/ Suzanne J. Moore

13

SUZANNE J. MOORE #49119
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200
(314) 539-2196 (FAX)